IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APELDYN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11-440-SLR |
| ) | |
| SONY CORPORATION, and ) | |
| SONY ELECTRONICS INC., ) | |
| ) | |
| Defendants. ) | |

**RULE 16 SCHEDULING ORDER**

At Wilmington this _____ day of April, 2012, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b); IT IS ORDERED that:

1.  Pre-Discovery Disclosures. The parties will exchange by **May 14, 2012** the information required by Fed. R. Civ. P. 26(a)(1).

2.  Discovery.

    (a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

    (b) Discovery will be needed on the following subjects: conception; development; reduction to practice; prior art; inventorship; ownership; patent prosecution; claim construction; validity; invalidity; enforceability; unenforceability; infringement; non-infringement; inducement; and any other facts or issues pertaining to the parties' claims and defenses.

(c) All fact discovery shall be commenced in time to be completed by **February 20, 2013**.

(1) Maximum of 25 interrogatories by each party to any other party.[1]

(2) Contention interrogatories may be served at any time after **August 3, 2012**. In the absence of agreement among the parties, the parties shall be obligated to respond to such interrogatories as required by FRCP 33 and supplement such responses as required by FRCP 26(e) except that contention interrogatories, if served, shall first be addressed by the party with the burden of proof, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of 50 requests for admission by each party to any other party.

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **November 3, 2012**. In the absence of agreement among the parties or by order of the court: (i) e-discovery shall be initially limited to ten custodians; (ii) e-discovery shall be limited to a term of ten (10) years; (iii) on or before **November 15, 2012**, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and (iv) no deposition (other

---

[1] For the purpose of this scheduling order, with respect to defendants, the word party refers to Sony Corporation and Sony Electronics Inc. collectively, unless otherwise specified.

than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.

(5) Maximum of 70 hours of fact depositions per side. Maximum of ten (10) fact depositions of each party, excluding depositions of non-parties. For purposes of counting the number of fact depositions of a party, each seven (7) hours of 30(b)(6) testimony is counted as one fact deposition, regardless of the number of witnesses designated. With respect to these time limits, translated depositions shall count as 45 minutes per hour of deposition time. The deposition of the inventor in his individual capacity shall be limited to a maximum of 14 hours unless extended by agreement of the parties.

(6) The Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information shall apply to this action, with the exception that discovery shall be limited to a term of 10 years.

(d) Expert discovery shall be commenced in time to be completed by **June 28, 2013**.

(1) Expert reports on issues for which the parties have the burden of proof are due **April 12, 2013**. Rebuttal expert reports are due **May 10, 2013**. Supplement reports, if any (e.g., on secondary considerations of obviousness) are due **June 7, 2013**.

(2) Expert depositions are limited to a maximum of 14 hours unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before **July 26, 2013**.

(e) Supplementations under Rule 26(e) due **March 6, 2013**.

(f) Discovery Disputes.

(1) The court shall conduct an in-person discovery status conference on October 30, 2012 at 4:30 p.m., with time to be allotted equally among the parties. No motions to compel or for protective order shall be filed absent prior approval of the court.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(g) Fact Witnesses to be Called at Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

4. Joinder of other Parties and Amendment of Pleadings. All motions to join other parties and amend the pleadings shall be filed on or before **November 3, 2012**.

5. Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

6. Claim Construction Issue Identification. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall

exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on **November 3, 2012**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

      7.    <u>Claim Construction</u>. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **January 8, 2013**, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before **February 12, 2013**. Defendant shall serve and file its answering claim construction brief on or before **March 11, 2013**. Plaintiff shall serve and file its reply brief on or before **April 1, 2013**. Defendant shall serve and file its surreply brief on or before **April 15, 2013**.

      8.    <u>Summary Judgment Motions</u>

(a) All summary judgment motions shall be served and filed on or before **September 13, 2013**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Opening briefs on infringement and invalidity shall be served and filed on or before **September 13, 2013**.

(c) Opening briefs or combined opening-answering briefs on non-infringement and validity shall be served and filed on or before **October 11, 2013**.

(d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

(e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

(f) The hearing on the claim construction and motion(s) for summary judgment will be heard on February 20, 2014, at 1:30 p.m.

8. <u>Applications by Motion</u>. Any application to the court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. <u>Motions in Limine</u>. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

      10.     <u>Pretrial Conference</u>. A pretrial conference will be held on **April 29, 2014, beginning at 3:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

      11.     <u>Trial</u>. This matter is scheduled for a seven (7) day jury trial commencing on **May 19, 2014,** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge