IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APELDYN CORPORATION,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civ. No. 11-440-SLR |
| SONY CORPORATION, SONY<br>ELECTRONICS INC., SAMSUNG<br>ELECTRONICS CO. LTD., and<br>SAMSUNG ELECTRONICS AMERICA<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**MEMORANDUM ORDER**

At Wilmington this 31st of March, 2016, having reviewed defendants' motion for attorney fees, and the papers filed in connection therewith;

IT IS ORDERED that defendants' motion for attorney fees (D.I. 202) is denied, for the reasons that follow:

1. **Background.** On May 19, 2011, plaintiff Apeldyn Corporation ("plaintiff") initiated litigation against defendants Sony Corporation and Sony Electronics, Inc. (collectively, "Sony") alleging infringement of U.S. Patent No. 5,347,382 ("the '382 patent").[1] (D.I. 1)[2] Therein, plaintiff alleged that Sony infringed the '382 patent and induced infringement of the '382 patent by virtue of its making, selling, and importing "products that are made by a method that infringes one or more claims of the '382

---

[1] The '382 patent, titled "Liquid Crystal Cell Retarder With Driving Beyond Retardance Value and Two Cells for High Speeds," issued September 13, 1994 and claims priority to an April 23, 1992 filing date.
[2] All citations are to Civ. No. 11-440 unless otherwise indicated.

patent," and that Sony's "infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this court." *(Id.* at ¶¶ 26, 29) Sony moved to dismiss plaintiff's claims of inducement of infringement and willful infringement. (D.I. 5) Plaintiff filed a first amended complaint on July 12, 2011, mooting that motion. (D.I. 11) Thereafter, on July 28, 2011, Sony filed a renewed motion to dismiss plaintiff's inducement and willful infringement claims (D.I. 13) and a motion to stay the proceedings (D.I. 16). On April 4, 2012, the court issued an order denying the motion to dismiss and the motion to stay. On June 14, 2012, the parties stipulated to the consolidation with Civ. No. 11-581, in which plaintiff filed a complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") (collectively with Sony, "defendants"), also alleging infringement of the '382 patent. (Civ. No. 11-581, D.I. 1) On April 2, 2015, the court granted defendants' motion for summary judgment of non-infringement due to collateral estoppel and defendants' motion for summary judgment of invalidity, and entered judgment for defendants. (D.I. 198, 199, 200) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. The present litigation was not the first regarding the '382 patent. On September 8, 2008, plaintiff filed a complaint against AU Optronics Corporation and AU Optronics Corporation America (collectively "AUO"), Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA Inc. (collectively, "CMO") (together with AUO, "the 08-568 defendants"), Sony, Samsung Electronics Co., Ltd., and Samsung Electronics America Inc. (the "08-568 case"). (Civ. No. 08-568, D.I. 1) On September

30, 2009, the court conditionally granted Samsung's motion for disqualification. (*Id.*, D.I. 155, 156) Samsung was subsequently dismissed from the case. (*Id.*, D.I. 255) On April 13, 2010, the court received a stipulation of dismissal with respect to Sony. (*Id.*, D.I. 294) After an extensive claim construction and summary judgment practice (*id.*, D.I. 627), and the subsequent denial of the parties' motions for reargument (*id.*, D.I. 653), the parties stipulated to a form of judgment (*id.*, D.I. 665) and plaintiff appealed the court's decisions to the Federal Circuit (*id.*, D.I. 663). On July 17, 2013, the Federal Circuit affirmed this court's summary judgment ruling of non-infringement.

5. **Standard.** Section 285 provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). The court first determines whether the case is exceptional and, if so, whether an award of attorney fees is justified. *Id.* at 915-16 (citations omitted). The Supreme Court has defined "an 'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014).

6. District courts should consider the "totality of the circumstances" and use their discretion to determine on a case-by-case basis whether a case is "exceptional." *Id.* "[A] 'nonexclusive' list of 'factors,' [to consider] includ[es] 'frivolousness, motivation,

objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6. Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 1757. A party seeking attorney fees under § 285 must prove the merits of their contentions by a preponderance of the evidence. *Id.* at 1758.

7. **Analysis.** Defendants argue that this is an exceptional case because plaintiff pursued objectively unreasonable infringement and validity positions, which were barred by collateral estoppel. (D.I. 202 at 9) However, defendants opposed the filing of an early motion for summary judgment of collateral estoppel. (D.I. 102) According to defendants, the refusal was due to plaintiff's "new testing" disclosed to defendants in conjunction with the discussion of briefing the estoppel issue. (D.I. 206 at 4-5) Regardless of the reason for the refusal, defendants chose to oppose an early resolution and proceed with discovery and summary judgment briefing. In further support for its motion for attorney fees, defendants focus on the very invalidity arguments presented in the summary judgment briefing. The court expended considerable effort in reaching its invalidity determination, including resolving a claim construction dispute for a limitation not construed in the previous litigation. (D.I. 198 at 20) The court is not persuaded that plaintiff was so lacking a good faith belief of validity

4

as to merit awarding exceptional case status under § 285. Accordingly, the court does not find that this is an exceptional case under 35 U.S.C. § 285.

United States District Judge